1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CLIFFORD J. WILLIAMS,

11            Plaintiff,                    No. CIV S-07-2726 GEB DAD P

12       vs.

13   CDCR, et al.,

14            Defendants.                   ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

18   This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule

19   72-302 and 28 U.S.C. § 636(b)(1).

20          Plaintiff has submitted an in forma pauperis application that makes the showing

21   required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma

22   pauperis.

23          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See

24   28 U.S.C. §§ 1914(a) & 1915(b)(1).  An initial partial filing fee of $28.92 will be assessed by this

25   order.  See 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate

26   agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to

                                            1

1  the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of

2  twenty percent of the preceding month's income credited to plaintiff's prison trust account.

3  These payments will be collected and forwarded by the appropriate agency to the Clerk of the

4  Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in

5  full.  See 28 U.S.C. § 1915(b)(2).

6         The court is required to screen complaints brought by prisoners seeking relief

7  against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

8  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

9  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

10 granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

11 U.S.C. § 1915A(b)(1) & (2).

12        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

14 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

15 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

16 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

17 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

18 Cir. 1989); Franklin, 745 F.2d at 1227.

19        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

20 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

21 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

22 Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson,

23 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a

24 complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it

25 must contain factual allegations sufficient "to raise a right to relief above the speculative level."

26 Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must

1   accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital

2   Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the

3   plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421

4   (1969).

5           The Civil Rights Act under which this action was filed provides as follows:

6           Every person who, under color of [state law] . . . subjects, or causes
            to be subjected, any citizen of the United States . . . to the
7           deprivation of any rights, privileges, or immunities secured by the
            Constitution . . . shall be liable to the party injured in an action at
8           law, suit in equity, or other proper proceeding for redress.

9   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

10  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

11  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

12  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

13  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

14  omits to perform an act which he is legally required to do that causes the deprivation of which

15  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

16          Moreover, supervisory personnel are generally not liable under § 1983 for the

17  actions of their employees under a theory of respondeat superior and, therefore, when a named

18  defendant holds a supervisorial position, the causal link between him and the claimed

19  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

20  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

21  941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

22  in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

23  Cir. 1982).

24          In his complaint, plaintiff has identified as defendants the California Department

25  of Corrections and Rehabilitation, California Correctional Institution, CSP-Sacramento, Salinas

26  Valley State Prison, T. Davis, D. Duffy, Bracken, Woodall, Magill, as well as "all problem

1  employees" at the abovementioned prisons, including doctors, nurses, correctional officers,

2  wardens, and associate wardens.

3          In his handwritten complaint plaintiff alleges in summary fashion that all

4  staff/employees at the three identified prisons have played a major role in defaming and

5  slandering him.  Plaintiff claims that he has experienced medical neglect, tainted food, assaults

6  by staff, sexual misconduct and has been the victim of plots.  Plaintiff requests that the court

7  allow him to proceed with this lawsuit and obtain an attorney.  Plaintiff also requests that the

8  court involve the Federal Bureau of Investigation in his case.

9          The allegations in plaintiff's complaint are so vague and conclusory that the court

10 is unable to determine whether the current action is frivolous or fails to state a claim for relief.

11 In this regard, the allegations of plaintiff's complaint are general, broad and fail to identify with

12 any specificity specific actions undertaken by specific named defendants which plaintiff claims

13 resulted in a violation of his constitutional rights.  Rather, for example, plaintiff merely alleges

14 that he has been the victim of "assaults by staff" without identifying when, how or by whom he

15 was allegedly assaulted.  Accordingly, plaintiff's complaint does not contain a short and plain

16 statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible

17 pleading policy, a complaint must give fair notice to the defendants and must allege facts that

18 support the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency,

19 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity

20 overt acts which defendants engaged in that support his claims.  Id.  Because plaintiff has failed

21 to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.

22 The court will, however, grant leave to file an amended complaint.

23         If plaintiff files an amended complaint, he is advised that all defendants must be

24 identified in the caption of his pleading, and all defendants must be named, with position and

25 place of employment, in the section of the form designated for that purpose.  Merely listing

26 defendants' job titles is not sufficient.  In addition, in the section of the complaint in which the

1  plaintiff is required to set forth a brief statement of the facts of the case, he must describe how

2  each defendant has deprived him of his constitutional rights.  There can be no liability under 42

3  U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions

4  and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d

5  164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

6         Plaintiff must also clarify what constitutional right he believes each defendant has

7  violated.  For example, plaintiff identifies both T. Davis and D. Duffy as a defendants.  However,

8  plaintiff has not included any allegations as to how T. Davis or D. Duffy have violated his civil

9  rights.  Such vague and conclusory allegations of official participation in civil rights violations

10  are not sufficient.  <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

11         Plaintiff is advised that the Eleventh Amendment serves as a jurisdictional bar to

12  suits brought by private parties against a state or state agency unless the state or the agency

13  consents to such suit.  <u>See</u> <u>Quern v. Jordan</u>, 440 U.S. 332, 340 (1979); <u>Alabama v. Pugh</u>, 438

14  U.S. 781, 782 (1978); <u>Jackson v. Hayakawa</u>, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  In the

15  instant case, the California Department of Corrections and Rehabilitation, California Correctional

16  Institution, CSP-Sacramento, and Salinas Valley State Prison have not consented to suit.

17  Accordingly, plaintiff should not name these entities as defendants in any amended complaint he

18  elects to file.

19         Plaintiff is informed that the court cannot refer to a prior pleading in order to

20  make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

21  complaint be complete in itself without reference to any prior pleading.  This is because, as a

22  general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375

23  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

24  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

25  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

26  /////

1    Finally, to the extent that plaintiff requests appointment of counsel, plaintiff's

2 request is denied.  The United States Supreme Court has ruled that district courts lack authority

3 to require counsel to represent indigent prisoners in § 1983 cases.  <u>Mallard v. United States Dist.</u>

4 <u>Court</u>, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may

5 request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  <u>Terrell v.</u>

6 <u>Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36

7 (9th Cir. 1990).

8    The test for exceptional circumstances requires the court to evaluate the plaintiff's

9 likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

10 light of the complexity of the legal issues involved.  <u>See</u> <u>Wilborn v. Escalderon</u>, 789 F.2d 1328,

11 1331 (9th Cir. 1986); <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances

12 common to most prisoners, such as lack of legal education and limited law library access, do not

13 establish exceptional circumstances that would warrant a request for voluntary assistance of

14 counsel.  In the present case, the court does not find the required exceptional circumstances.

15    Accordingly, IT IS HEREBY ORDERED that:

16    1.  Plaintiff's December 18, 2007 application to proceed in forma pauperis is

17 granted.

18    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

19 Plaintiff is assessed an initial partial filing fee of $28.92.  All fees shall be collected and paid in

20 accordance with this court's order to the Director of the California Department of Corrections

21 and Rehabilitation filed concurrently herewith.

22    3.  Plaintiff's complaint is dismissed.

23    4.  Plaintiff is granted thirty days from the date of service of this order to file an

24 amended complaint that complies with the requirements of the Civil Rights Act, the Federal

25 Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

26 docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an

1    amended complaint in accordance with this order will result in a recommendation that this action

2    be dismissed without prejudice.

3            5.  Plaintiff's December 18, 2007 request for appointment of counsel is denied.

4    DATED: March 5, 2008.

5

6    _____

7    DALE A. DROZD
     UNITED STATES MAGISTRATE JUDGE

8    DAD:9
     will2726.14

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26