IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLIFFORD J. WILLIAMS,

        Plaintiff,                          No. CIV S-07-2726 GEB DAD P

    vs.

CDCR, et al.,

        Defendants.              ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983.  By order filed March 6, 2008, plaintiff's complaint was dismissed with leave to file an amended complaint.  Plaintiff has filed an amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>,
3  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
4  pleaded, has an arguable legal and factual basis.  See <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th
5  Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

6  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
7  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
8  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Bell Atlantic</u>
9  <u>Corp. v. Twombly</u>, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007) (quoting <u>Conley v. Gibson</u>,
10  355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a
11  complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it
12  must contain factual allegations sufficient "to raise a right to relief above the speculative level."
13  <u>Bell Atlantic</u>, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must
14  accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital</u>
15  <u>Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the
16  plaintiff, and resolve all doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421
17  (1969).

18  In his original complaint, plaintiff identified as defendants the California
19  Department of Corrections and Rehabilitation, California Correctional Institution, CSP-
20  Sacramento, Salinas Valley State Prison, T. Davis, D. Duffy, Bracken, Woodall, Magill, as well
21  as "all problem employees" at the above-mentioned prisons, including doctors, nurses,
22  correctional officers, wardens, and associate wardens.  Plaintiff alleged that all staff/employees at
23  the three identified prisons have played a major role in defaming and slandering him.  Plaintiff
24  claimed that he has experienced medical neglect, tainted food, assaults by staff, sexual
25  misconduct and has been the victim of plots.
26  /////

The allegations in plaintiff's complaint were so vague and conclusory that the court was unable to determine whether the current action was frivolous or failed to state a claim for relief. The court advised plaintiff that he was required to set forth a brief statement of the facts of the case and describe how each defendant has deprived him of his constitutional rights. The court also advised plaintiff that there could be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). The court asked plaintiff to clarify what constitutional right he believed each defendant has violated and informed him that vague and conclusory allegations of official participation in civil rights violations would not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In his amended complaint, plaintiff has named as defendants more than 700 correctional officers and employees at CSP-Corcoran, CSP-Sacramento, and California Correctional Institution. Plaintiff alleges that defendants have engaged in sexual misconduct, "plots and staff assaults," medical neglect, provision of tainted food, denial of legal mail, denial of library use, and slander/defamation. Plaintiff argues that all of the aforementioned conduct has violated his constitutional rights under the Eighth Amendment.

Again, the allegations in plaintiff's amended complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The amended complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Rather, plaintiff merely alleges in summary fashion that defendants have violated his constitutional rights. In this regard, plaintiff has failed to adequately allege specific instances of the claimed constitutional violations, including when they took place, how they took place, and who specifically was involved in them. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community

Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims.  Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed.  In the interests of justice, the court will grant plaintiff leave to file a second amended complaint.

If plaintiff elects to pursue this action by filing a second amended complaint, he is advised that all of the defendants must be identified in the caption of his pleading and that all of the defendants must be named with position and place of employment in the section of the form designated for that purpose.  In addition, plaintiff should clarify what constitutional right he believes each defendant has violated and support each claim with factual allegations about each defendant's actions.  Throughout plaintiff's amended complaint, he has failed to allege any specific causal link between the named defendants and his legal claims.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

If plaintiff chooses to file a second amended complaint, he is advised of the following legal standards.  First, the "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment prohibited by the United States Constitution.  Whitley v. Albers, 475 U.S. 312, 319 (1986).  See also Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  However, neither accident nor negligence constitutes cruel and unusual punishment, because "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."  Whitley, 475 U.S. at 319.  What is needed to show unnecessary and wanton infliction of pain "varies according to the nature of the alleged constitutional violation."  Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citing Whitley, 475 U.S. at 320).  Plaintiff must allege facts

showing that objectively he suffered a sufficiently serious deprivation and that subjectively each defendant had a culpable state of mind in allowing or causing the plaintiff's deprivation to occur. Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

Second, in Estelle v. Gamble, 429 U.S. 97, 106 (1976), the U.S. Supreme Court held that inadequate medical care did not constitute cruel and unusual punishment cognizable under § 1983 unless the mistreatment rose to the level of "deliberate indifference to serious medical needs." In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

Third, defamation alone does not state a constitutional claim, even when done under color of state law. See Paul v. Davis, 424 U.S. 693 (1976). Damage to plaintiff's reputation is not actionable under § 1983 unless it is accompanied by "some more tangible interests." Id. at 701. In this regard, to state a claim for defamation under § 1983, plaintiff must allege loss of a constitutionally protected property or liberty interest in conjunction with the allegation of injury to reputation. See Cooper v. Dupnik, 924 F.2d 1520, 1532 (9th Cir. 1991), aff'd on reh'g 963 F.2d 1220, 1235 n.6 (9th Cir.).

To the extent that plaintiff seeks to bring a claim regarding interference with his mail, he must clarify in his second amended complaint what constitutional or statutory right he believes has been violated. If, for example, plaintiff believes that defendants have denied him access to the courts by not giving him his legal mail on time, he should state the claim clearly in his second amended complaint. Plaintiff is cautioned, however, that he must demonstrate an "actual injury" to state a cognizable claim for denial of access to the courts. See Lewis v. Casey, 518 U.S. 343, 351-52 (1996); Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989).

/////

1    If plaintiff files a second amended complaint, he should also clarify what relief he seeks. For example, if plaintiff believes he is entitled to compensatory or punitive damages, he should state the amount he seeks from the defendants. Relief in the form of disciplinary action against the defendants is not available to plaintiff in this civil rights action.

Plaintiff is reminded that the court cannot refer to prior pleadings in order to make his second amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the prior pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Also before the court is plaintiff's request for appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

/////

/////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's March 31, 2008 amended complaint is dismissed;

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice;

3. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action; and

4. Plaintiff's March 31, 2008 request for appointment of counsel is denied.

DATED: June 11, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
will2726.14am