1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT
9          FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   CLIFFORD J. WILLIAMS,                No. 2:07-CV-02726-NRS
12          vs.
13   CALIFORNIA DEPARTMENT OF CORRECTIONS
14                          ORDER
15          Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this
16   action filed pursuant to 42 U.S.C. § 1983.  By order filed June 11, 2008, Plaintiff's
17   complaint was dismissed with leave to file an amended complaint.  On July 10,
18   2008, Plaintiff filed a second amended complaint.  Because Plaintiff has not
19   amended his complaint to sufficiently address the problems identified by the June
20   11, 2008 order, the Court dismisses Plaintiff's second amended complaint without
21   prejudice.
22          Under 28 U.S.C. § 1915A(a), the Court must screen complaints brought by
23   prisoners seeking relief against a governmental entity or an officer or employee of
24   a governmental entity.  The Court will dismiss a complaint, or portion thereof, if
25   the prisoner has raised claims that are, among other things, legally "frivolous or
26   malicious" or fail to state a claim upon which relief may be granted.  28 U.S.C. §

                                   1

1   1915A(b)(1)&(2).

2   "[A] complaint . . . is frivolous where it lacks an arguable basis either in law

3   or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "[The Court's] inquiry

4   is whether any of Jackson's claims has an arguable basis in law and fact." *Jackson*

5   *v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989), *superseded by statute on other*

6   *grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000).

7   However, because the Court is only considering Plaintiff's pleadings at this stage

8   of litigation, the Court's order is necessarily dictated by Rule 8 of the Federal

9   Rules of Civil Procedure. Rule 8(a)(2) requires "a short and plain statement of the

10  claim," Fed. R. Civ. P. 8(a)(2), "enough to raise a right to relief above the

11  speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In

12  reviewing the Plaintiff's pleadings, the Court accepts as true the allegations in his

13  complaint and construes the pleading in the light most favorable to the Plaintiff.

14  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). "Accordingly, a pleading must

15  give fair notice [to defendants] and state the elements of the claim plainly and

16  succinctly." *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir.

17  1984) (internal quotation marks, alterations, and citation omitted).

18      Plaintiff has now filed a complaint and two amended complaints. Since the

19  outset, Plaintiff has alleged that his Eighth and Fourteenth Amendment rights were

20  violated when the prison staff: (1) slandered him by starting rumors that he was

21  homosexual; (2) denied him medical care by not giving him antibiotics and "trays;"

22  (3) provided him "tainted food;" (4) made "plots and staff assaults;" and (5)

23  committed sexual misconduct by starting rumors that he was "gay" or

24  "homosexual."

25      Both Plaintiff's complaint and first amended complaint were dismissed as

26  being too vague and conclusory. In the order denying Plaintiff's first amended

2

1  complaint, the Court noted "plaintiff . . . failed to adequately allege specific

2  instances of the claimed constitutional violations, including when they took place,

3  how they took place, and specifically who was involved in them."  Specifically, the

4  Court noted Plaintiff's first amended complaint failed to "give fair notice to the

5  defendants" and should have "allege[d] facts that support the elements of the claim

6  plainly and succinctly."  Because Plaintiff has not addressed these concerns, the

7  Court dismisses Plaintiff's second amended complaint.

8      As to Plaintiff's claim that he was slandered by staff's rumors that he was

9  homosexual, Plaintiff makes virtually the same allegation in his second amended

10 complaint that he did in his first.  He states nothing more than that rumors were

11 started against him, which led to "divorce, [a]ttempted [m]urder, [and] [b]attery."

12 Plaintiff does not state who committed the slander, how exactly the slander started

13 or led to the alleged abuse, or even when exactly the slander took place.  Moreover,

14 a claim of defamation will not support a § 1983 claim unless accompanied by

15 "some more tangible interests."  *Paul v. Davis*, 424 U.S. 693, 701 (1976).

16 Certainly, battery, divorce, and attempted murder might constitute a "more tangible

17 interest," however, Plaintiff has not pleaded whether he suffered those things or

18 how the alleged defamation even lead to them.  In sum, Plaintiff made only vague

19 and conclusory statements in support of this claim.

20     As to Plaintiff's claim that he was denied medical care, he again makes

21 virtually the same claim in his second amended complaint as he did in his first.

22 Plaintiff has provided no facts to support this claim, other than to state, in

23 conclusory fashion, that he was denied medical care and lost weight.

24     As to Plaintiff's claim that he was provided "tainted food," Plaintiff again

25 has restated his claim in the first amended complaint.  He has provided no facts

26 about this claim.  He has merely stated that he was given "tainted food," which led

1  to weight loss.  The pleading rules require more than such bare, conclusory

2  statements.

3     As to Plaintiff's claim that the staff made plots and assaults on him, Plaintiff

4  says nothing more than that assaults took place "to and from the shower; while in

5  handcuffs."  He does not allege who made the plots, the nature of the plots, the

6  timing of the plots, or anything else.  In sum, Plaintiff's pleadings have not given

7  Defendants fair notice of the facts and claims being alleged against them.

8     As to the claim that the staff committed sexual misconduct, Plaintiff has also

9  failed to properly plead facts sufficient to sustain this claim.  Admittedly, Plaintiff,

10  in contrast with his first amended complaint, did provide the names of those

11  starting rumors against him and the dates on which they did it.  However, this is

12  still not enough.  Plaintiff has provided nothing more than their names and dates.

13  He has not alleged what they said or even how they committed "sexual

14  misconduct."  Plaintiff has alleged only that certain individuals started rumors

15  about him that he was gay and homosexual.  However, this is merely a restatement

16  of Plaintiff's first claim.  He has not pleaded enough facts to support this claim.

17  Nor has he pleaded a more tangible loss, sufficient to make his defamation claim a

18  cognizable § 1983 claim.

19     In sum, Plaintiff's pleadings fail to give Defendants fair notice of the claims

20  being brought against them.

21     Finally, Plaintiff's request for appointment of counsel also fails, because

22  there are no exceptional circumstances to justify the Court's appointment of one.

23  *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

24     If Plaintiff chooses to file a third amended complaint, the Court refers him to

25  its Order dated June 11, 2008.  In that order, the Court provided helpful guidance

26  on pleading a successful § 1983 action, which Plaintiff seemingly ignored.  The

4

1   Court, therefore, refers Plaintiff back to the June 11, 2008 order.

2

3           Accordingly, IT IS HEREBY ORDERED that:

4           1. Plaintiff's July 10, 2008 second amended complaint is dismissed;

5           2. Plaintiff is granted thirty days from the date of service of this order

6           to file a third amended complaint that complies with the requirements

7           of the Civil Rights Act, the Federal Rules of Civil Procedure, and the

8           Local Rules of Practice; the third amended complaint must bear the

9           docket number assigned to this case and must be labeled "Third

10          Amended Complaint;" failure to file a third amended complaint in

11          accordance with this order will result in a recommendation that this

12          action be dismissed with prejudice;

13          3. The Clerk of the Court is directed to send Plaintiff the Court's form

14          for filing a civil rights action; and

15          4. Plaintiff's July 10, 2008 request for appointment of counsel is

16          denied.

17

18

19          DATED: **December 15, 2009**

20

21          *N. Randy Smith*

22

23   _____

24          Honorable N. Randy Smith

25          Ninth Circuit Court of Appeals Judge

26